UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL MAHONE, )
)
Petitioner, )
)
v. ) No. 4:17-CV-377 DDN
)
DOUGLAS PRUDDEN, )
)
Respondent, )

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Michael Mahone for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by the limitations period, and the Court will order petitioner to show cause why it should not be summarily dismissed.

Petitioner pled guilty on May 9, 2012, to one count of stealing. *Missouri v. Mahone*, No. 1122-CR01559-01 (St. Louis City). On October 26, 2012, the state court sentenced him to seven years' imprisonment. He did not file an appeal. Nor did he file a timely motion for postconviction relief.

On September 12, 2016, petitioner filed a motion for postconviction relief under Rule 24.035 in the trial court. He argued that his prior convictions were unlawfully used to enhance his sentence under the new law announced by the Missouri Supreme Court in *Missouri v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016), in which the court determined the proper application of Mo. Rev. Stat. § 570.030.3. The postconviction motion is currently pending.

In the instant petition, petitioner asserts that his counsel was ineffective and that his sentence is invalid under *Bazell*. He maintains that the petition has been timely filed because the court's decision in *Bazell* restarted the limitations period.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

If no direct appeal is taken, a Missouri conviction becomes final ten days after the judgment is entered. Mo. R. Civ. P. § 81.04(a). Petitioner's sentence, therefore, became final on November 5, 2012. Because he did not file an appeal or a timely motion for postconviction relief, the federal limitations period expired on November 5, 2013. As a result, the petition appears to be time-barred.

*Bazell* did not restart the limitations period under § 2244(d)(1)(C) because only decisions of the United States Supreme Court may work to restart the limitations period under that provision. Moreover, *Bazell* concerns only state law, which is not a cognizable ground for relief under § 2254. Therefore, petitioner must show cause why the petition should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than twenty-one (21) days from the date of this Order, petitioner must show cause why this action should not be dismissed.

**IT IS FURTHER ORDERED** that if petitioner fails to timely respond to this Order, the Court will dismiss this action without further proceedings.

Dated this **2nd** day of February, 2017.

/s/ David D. Noce
DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE