# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL MAHONE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DOUGLAS PRUDDEN, ) <br> ) <br> Respondent, ) | No. 4:17-CV-377 DDN |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Michael Mahone for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is untimely, and it is denied.

Petitioner pled guilty on May 9, 2012, to one count of stealing. *Missouri v. Mahone*, No. 1122-CR01559-01 (St. Louis City). On October 26, 2012, the state court sentenced him to seven years' imprisonment. He did not file an appeal. Nor did he file a timely motion for postconviction relief.

On September 12, 2016, petitioner filed a motion for postconviction relief under Rule 24.035 in the trial court. *Mahone v. Missouri*, No. 1622-CC10512 (St. Louis City). He argued that his prior convictions were unlawfully used to enhance his sentence under the new law announced by the Missouri Supreme Court in *Missouri v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016), in which the court determined the proper application of Mo. Rev. Stat. § 570.030.3. Petitioner voluntarily dismissed the petition on February 9, 2017, upon the advice of counsel.

In the instant petition, petitioner asserts that his counsel was ineffective and that his sentence is invalid under *Bazell*. He maintains that the petition has been timely filed because the court's decision in *Bazell* restarted the limitations period.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

If no direct appeal is taken, a Missouri conviction becomes final ten days after the judgment is entered. Mo. R. Civ. P. § 81.04(a). Petitioner's sentence, therefore, became final on November 5, 2012. Because he did not file an appeal or a timely motion for postconviction relief, the federal limitations period expired on November 5, 2013.

*Bazell* did not restart the limitations period under § 2244(d)(1)(C) because only decisions of the United States Supreme Court may work to restart the limitations period under that provision. Moreover, *Bazell* concerns only state law, which is not a cognizable ground for relief under § 2254.

The Court previously ordered petitioner to show cause why his petition should not be denied as untimely. He has not responded. As a result, the Court finds that this action is barred by the limitations period and must be dismissed pursuant to 28 U.S.C. § 2254, Rule 4.

2

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the petition is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed forthwith.

Dated this 10th day of March, 2017.

／s／ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE